SUCESSION OF FRANK LUTHER BEIER, JR.          NO. 25-C-443

C/W                                           FIFTH CIRCUIT

SUCCESSION OF HEINRICH DANNEMANN              COURT OF APPEAL

BEIER                                         STATE OF LOUISIANA

C/W

SUCCESSION OF FRANK LUTHER BEIER, III

September 25, 2025

Susan Buchholz
Chief Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

**IN RE** HEIDI TOTTEN BEIER

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE SHAYNA BEEVERS MORVANT, DIVISION "M", NUMBER 816-926 C/W 835-813 C/W 844-141

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Timothy S. Marcel

**WRIT DENIED; STAY DENIED**

Relator, Heidi Beier—a legatee of the Succession of Frank Luther Beier, Jr.—seeks supervisory review of the trial court's September 9, 2025 judgment granting the motion to compel of Bradley Spedale—the court-appointed dative testamentary executor of the Succession of Frank Luther Beier, Jr.—ordering her to pay a share of the administrative expenses for Mr. Spedale's services as executor. The judgment orders Ms. Beier to pay Mr. Spedale by September 24, 2025 or, if she fails to do so, appear before the trial court on September 25, 2025 to demonstrate her current financial position. Relator filed the instant writ application on September 23, 2025. The application requests expedited consideration and a stay. For the following

25-C-443

reasons, on the showing made, we deny the writ application. We also deny the request for a stay.

## **BACKGROUND**

Mr. Spedale filed the subject motion to compel on August 10, 2025. On August 12, 2025, the trial court issued a rule to show cause setting the matter for hearing on September 9, 2025. The motion to compel includes Mr. Spedale's certificate of service certifying that he served all counsel of record via email. The rule to show cause also includes instructions for the rule to be served on Relator, through her counsel of record. Relator claims that Mr. Spedale did not provide her with notice of the motion to compel. Relator does not state whether she filed an opposition to the motion to compel nor is an opposition attached to her writ application.

The trial court's judgment indicates that it held a hearing on the motion to compel on September 9, 2025 and that Relator's counsel of record was present at the hearing. In its judgment, the trial court twice indicates that Relator did not file an opposition to the motion to compel. The judgment further states that Relator's counsel of record "made only an oral motion to the billing of Mr. Spedale, in as much as [Relator] does not wish to be responsible for any portion of same." The judgment does not reflect that Relator made any other motions, arguments, or objections at the hearing.

The trial court granted Mr. Spedale's motion to compel and ordered Relator to pay Mr. Spedale's outstanding invoices by September 24, 2025. If Relator failed to pay Mr. Spedale by the deadline, the judgment further ordered her to appear before the trial court on September 25, 2025 and produce financial documentation to demonstrate her current financial position. The judgment reflects that the trial court assigned reasons for judgment in open court. Relator does not attach a copy of the hearing transcript or the hearing minute entry to her writ application.

2

The trial court's judgment was read in open court on September 9, 2025. The trial court issued its signed, written judgment the same day. A notice of intent to seek supervisory writ was signed by Relator on September 23, 2025. It is unclear whether Relator's notice was filed with the trial court. No order from the trial court setting a return date for Relator's writ is included in Relator's writ application. Relator filed the instant writ application the same day as her notice of intent, September 23, 2025.

## DISCUSSION

Preliminarily, Relator has failed to comply with Uniform Rules of Louisiana Courts of Appeal, Rules 4-2 and 4-3, as she did not include a return date order issued by the trial court. Relator has also failed to comply with Rule 4-5(C)(2)–(4), (9)–(11), as she did not include a concise statement of the grounds on which the jurisdiction of the court is invoked (Rule 4-5(C)(2)); a concise statement of the case (Rule 4-5(C)(3)); the issues and questions of law presented for determination by the court (Rule 4-5(C)(4)); a copy of any opposition and any attachments thereto filed by a party in the trial court or a statement by the applicant that no opposing written document was filed (Rule 4-5(C)(9)); a copy of pertinent court minutes (Rule 4-5(C)(10)); and the return date order required by Rules 4-2 and 4-3 (Rule 4-5(C)(11)). Nevertheless, we consider Relator's writ application on the showing made.

Relator argues that the trial court erred in granting Mr. Spedale's motion to compel because he did not serve Relator with notice of the motion. The record shows, however, that Relator appeared at the hearing before the trial court on the motion to compel. Relator does not state in her writ application whether she filed an opposition to the motion to compel. The trial court states in its judgment that Relator did not file an opposition, but Relator did make "an oral motion to the billing of Mr. Spedale, in as much as [she] does not wish to be responsible for any portion of same." Relator does not state in her writ application whether she made any other

3

motions, arguments, or objections at the hearing. She indicates only that she "was told to sit down and have no further comment, with verbiage specifically unknown but necessary for this Court's understanding of counsel's posture at the hearing a verbal audio and visual may assist."

Despite her admission that a "verbal audio and visual" (i.e. transcript) is necessary for this Court to understand what happened at the hearing, Relator does not include it or anything similar that would aid this Court in understanding what transpired at the hearing. We therefore have no evidence before us of what happened at the hearing. We do not know whether Relator presented oral argument, whether Relator objected to the lack of notice, or whether Relator waived the issue of notice. Accordingly, on the showing made, without the benefit of the transcript on the motion to compel or anything similarly helpful, we are unable to find that the trial court erred or abused its discretion in granting the motion to compel.

## CONCLUSION

For the foregoing reasons, we deny the writ application on the showing made. We also deny the request for a stay.

Gretna, Louisiana, this 25th day of September, 2025.

**FHW**
**SMC**
**TSM**

4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/25/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-C-443**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Shayna Beevers Morvant (DISTRICT JUDGE)
Melvin G. Ripp, Jr. (Relator)

### MAILED

Bradley J. Spedale (Respondent)
Attorney at law
3501 North Causeway Boulevard
Suite 300
Metairie, LA 70002